1  DANIEL MALAKAUSKAS, *Cal. Bar. No.*: 265903
2  MALAKAUSKAS LAW, APC
   7345 South Durango Drive
3  Suite B-107-240
   Las Vegas, NV 89113
4  Tel: 866-790-2242 / Fax: 888-802-2440
   daniel@malakauskas.com
5

6  *Attorney for Plaintiff: **Felipe Gutierrez***

7

8                  **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10                    **SACRAMENTO DIVISION**

11

12  **FELIPE GUTIERREZ**,                    | Case No.:

13                         Plaintiff,        | **COMPLAINT BY FELIPE GUTIERREZ
14                                           | AGAINST, BOREAL RIDGE
    v.                                       | CORPORATION, FOR DAMAGES AND
15                                           | INJUNCTIVE RELIEF RESULTING FROM
                                             | VIOLATIONS OF 1) TITLE III OF THE
16                                           | AMERICANS WITH DISABILITIES ACT OF
    **BOREAL RIDGE CORPORATION**, as an      | 1990; 2) THE UNRUH CIVIL RIGHTS ACT;
17  entity and doing business as "Boreal Mountain | **and 3) THE CALIFORNIA DISABLED
    California", "Boreal Eatery", "Waffle Café", | PERSONS ACT.**
18  "The Grind Café", "The Fresh Food Bar" and |
    "Hub and Spoke", **AUBURN SKI CLUB,** and | [42 U.S.C. §§ 12101-12213; Cal. Civ. Code §§ 51,
19  **DOES** 1-50, Inclusive,                 | 52, 54, 54.1, 54.2 and 54.3.]
20                                           |
21                         Defendants.       |

22

23        Comes now the Plaintiff, FELIPE GUTIERREZ, (hereafter, "Mr. Gutierrez" or "Plaintiff")

24  through his Attorney, DANIEL MALAKAUSKAS, 7345 South Durango Drive, Suite B-107-240, Las

25  Vegas, NV 89113; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied

26  his civil rights, hereby respectfully alleges, avers, and complains as follows:

27

28

**THIS COURT CAN GRANT JUSTICE TO A DISABLED INDIVIDUAL**

1.     Mr. Gutierrez is a disabled person, confined to a wheelchair, who suffers from the medical condition Osteogenesis Imperfecta.

2.     In 2018, Mr. Gutierrez was denied the full and equal access to a public accommodation located at 19749 Boreal Ridge Road, Soda Springs, CA 95728.

3.     Mr. Gutierrez now asks that this Court stand up for his rights under the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("UCRA") and the California Disabled Persons Act ("CDPA").

**THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE**

4.     The United States District Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (a)(4), for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. This Court has supplemental jurisdiction over all state claims, including, but not limited to, claims under the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*., and/or the California Disabled Persons Act, Cal. Civ. Code §§ 54-55.3, pursuant to 28 U.S.C. § 1367 as such acts not only expressly incorporate the Americans with Disabilities Act, but such state law claims also arose from the same nucleus of operative facts or transactions.

5.     Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) as the claims alleged herein arose in the Central District, specifically at the real property located at 19749 Boreal Ridge Road, Soda Springs, CA 95728.

6.     The Eastern Division of the Central District of California, is the proper division because all claims herein arose at the real property located at 19749 Boreal Ridge Road, Soda Springs, CA 95728.

**THE VICTIM AND THOSE RESPONSIBLE**

7.      Mr. Gutierrez is a disabled person, confined to a wheelchair, who suffers from the medical condition Osteogenesis Imperfecta.  Mr. Gutierrez is therefore a "person with a disability" and a "physically disabled person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the ADA, specifically 42 U.S.C § 12102 and Cal. Civ. Code §§ 51 and 54.

8.      Defendants, BOREAL RIDGE CORPORATION, and Does 1-50 (hereafter, collectively or individually, "Tenant"), operate as a business establishment, hold themselves out to the public, and do business as "Boreal Mountain California", "Boreal Eatery", "Waffle Cafe", "The Grind Cafe", "The Fresh Food Bar" and "Hub and Spoke" at 19749 Boreal Ridge Road, Soda Springs, CA 95728, and have substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building.

9.      Defendants, AUBURN SKI CLUB, and Does 1-50 (hereafter, collectively or individually, "Landlord", in their commercial real estate investment, owner, or landlord capacity), own, operate, manage, and have substantial control over the real property, including the interior and exterior of the building, parking lot and all spaces adjacent to the building located at 19749 Boreal Ridge Road, Soda Springs, CA 95728.

10.     Defendants, Does 26-50, are individuals, businesses, organizations, or entities which entered into a contract with Defendants, Landlord, and/or Does 1-50, as property managers or franchisees for the real property and adjacent parking lot, and as such have substantial control over the real property located at 19749 Boreal Ridge Road, Soda Springs, CA 95728.

11.     The true names and capacities of the Defendants named herein as Does 1-50, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who

therefore sues these Defendants by such fictitious names. Plaintiff requests leave of court to amend this complaint to allege their true names and capacities at such times as they are ascertained.

12.     Plaintiff is informed and believes and thereon alleges that each of the Defendants, including Does 1-50, caused and are responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to Plaintiff's rights to equal access to public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

### MR. GUTIERREZ WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMMODATION AND NOW FIGHTS FOR ALL DISABLED

13.     Mr. Gutierrez is a disabled person, confined to a wheelchair, who suffers from the medical condition Osteogenesis Imperfecta.  Mr. Gutierrez is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.

14.     In 2018, Mr. Gutierrez desired to go to and use the services, and/or buy products at the "Boreal Mountain California", "Boreal Eatery", "Waffle Cafe", "The Grind Cafe", "The Fresh Food Bar" and "Hub and Spoke" located at 19749 Boreal Ridge Road, Soda Springs, CA 95728.

15.     While in the parking lot adjacent to, surrounding, or while inside the businesses "Boreal Mountain California", "Boreal Eatery", "Waffle Cafe", "The Grind Cafe", "The Fresh Food Bar" and "Hub and Spoke," Mr. Gutierrez personally encountered barriers that interfered with his ability, to use and enjoy the goods, services, privileges and accommodations offered by the facility.

16.     Specifically, and personally, Mr. Gutierrez experienced difficulty while going to the business known as "Boreal Mountain California", "Boreal Eatery", "Waffle Cafe", "The Grind Cafe", "The Fresh Food Bar" and "Hub and Spoke."  Mr. Gutierrez had difficulty as the alleged accessible elevator failed to be on an accessible route and failed to be on a route that mimicked or was close to that of the general population.  This not only caused Mr. Gutierrez difficulty in finding the elevator, but made him feel like a second-class citizen while he had to navigate a route that was obstructed at various places far away from the general public.  Even worse, when Mr. Gutierrez finally reached the dining area, he had difficulty finding a place to eat as there were not enough accessible dining surfaces. Finally, Mr. Gutierrez had difficulty as various doors around the facility were heavy making it more difficult for Mr. Gutierrez to open from his wheeled device.

17.     Despite Mr. Gutierrez's wish to patronize the business in the future, the above-mentioned barriers constitute deterrents to access to the business, rendering the business' goods, services, facilities, privileges, advantages, and accommodations unavailable to physically disabled patrons such as himself.

18.     Mr. Gutierrez alleges, on information and belief, that Defendants knew that such barriers existed and that Defendants' failure to remove the barriers was intentional as the particular barriers mentioned above were intuitive and obvious. Additionally, Defendants exercised control and dominion over the condition of the real property and building and had the financial resources to remove such barriers. Furthermore, Mr. Gutierrez alleges, on information and belief, that such modifications were readily achievable as removal of the above barriers could have been achieved without much difficulty or expense.

19.     Mr. Gutierrez brings this lawsuit to encourage Defendants to ensure their property is accessible to all.

**FIRST CLAIM**
**VIOLATION OF TITLE III OF THE ADA**
**(As to all Defendants)**

20.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

21.     The parking lot and building at the real property known as 19749 Boreal Ridge Road, Soda Springs, CA 95728 is owned, controlled, operated, leased, and managed by Defendants: Landlord, Does 1-50, or their agents. The business "Boreal Mountain California", "Boreal Eatery", "Waffle Cafe", "The Grind Cafe", "The Fresh Food Bar" and "Hub and Spoke," including its parking lot, is open to the general public and as such is a "public accommodation" under 42 U.S.C. § 12181 and 28 C.F.R. § 36.104.

22.     Pursuant to 42 U.S.C. § 12182(a), by owning, leasing, or operating the public accommodation known as "Boreal Mountain California", "Boreal Eatery", "Waffle Cafe", "The Grind Cafe", "The Fresh Food Bar" and "Hub and Spoke," Defendants are prohibited from discriminating against Plaintiff by denying him, on the basis of his disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the facility.

23.     In order to avoid discriminating against a disabled individual pursuant to 28 C.F.R. § 36.101 and § 36.102, Defendants must ensure that such public accommodation is designed, constructed, and altered in compliance with the accessibility standards established by 28 C.F.R. § 36.101 *et seq.*, and have proper policies, practices, and procedures to ensure that individuals with disabilities are afforded equal access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the public accommodation. 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv) and (v), 12183(a)(1) and (2).

24.     Mr. Gutierrez is a disabled person, confined to a wheelchair, who suffers from the medical condition Osteogenesis Imperfecta.  Plaintiff is therefore a "person with a disability" and a

"disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102 and 28 C.F.R. § 36.104. While at the interior, exterior, parking lot, or adjacent spaces, of the business known as "Boreal Mountain California", "Boreal Eatery", "Waffle Cafe", "The Grind Cafe", "The Fresh Food Bar" and "Hub and Spoke," Plaintiff personally encountered a number of barriers that interfered with his ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.

25.     Specifically, Defendants failed to ensure that such real property was equally accessible to individuals with disabilities and medical conditions by having the following barriers at the real property:

a.   There is no accessible route connecting accessible buildings, accessible facilities, accessible elements, and accessible spaces on the same site in violation of 1991 ADAAG 4.1.2 (2), 2010 ADAS 206.2.2, 2013 CBC 11B-206.2.2 and 2016 CBC 11B-206.2.2;

b.   The alleged accessible elevator fails to be on an accessible route in violation of 1991 ADAAG 4.10.1, 1991 ADAAG 4.3.2, 2010 ADAS 206.3;

c.   The parking lot fails to have the minimum number of required accessible parking spaces in violation of 1991 ADAAG 4.6.1, 2010 ADAS 208.2, 2013 CBC 11B-208.2 2016 CBC 11B-208.2;

d.   The accessible parking space surface identification is not provided at some alleged accessible parking spaces in violation of 2013 CBC 11B-502.6.4 & 2016 CBC 11B-502.6.4;

e.   The alleged accessible parking space access aisles are not provided at some alleged accessible parking spaces in violation of 1991 ADAAG 4.6.3, 2010 ADAS 502.3, 2013 CBC 11B-502.3 2016 CBC 11B-502.3;

f.   The alleged accessible parking space access aisles are not designed so that a person using them is not required to travel behind parking spaces other than to pass behind the parking space in which they parked in violation of 2010 ADAS 502.7, 2013 CBC 11B-502.7.1 and 2016 CBC 11B-502.7.1;

g.   The entrance and interior doors require more than five pounds (5 lbs.) of force to push or pull open in violation of 1991 ADAAG 4.13.11, 2010 ADAS 404.2.9, 2013 CBC 11B-404.2.9 & 2016 CBC 11B-404.2.9;

h.   The clear width of the access aisles, at certain points, is less than thirty-six inches (36") in violation of 1991 ADAAG 4.2.1, 2010 ADA Standards 403.5.1, 2013 11B-403.5.1 and 2016 CBC 11B-403.5.1;

There are not enough accessible dining surfaces provided in violation of 1991 ADAAG 5.1, 2010 ADAS 226.1, 2013 CBC 11B-226.1, 2016 CBC 11B-226.1.

26.   As a direct and proximate cause of Defendants' conduct, Plaintiff, on the basis of his disabilities, was denied the opportunity to participate in or benefit from a good, service, privilege, individuals in violation of 42 U.S.C. § 12181.

27.   Plaintiff seeks injunctive relief to prohibit Defendants' acts and omissions as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that

disabled persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able-bodied persons.

**SECOND CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 51**
**(As to all Defendants)**

28.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

29.     Any violation of the ADA 42 U.S.C. §§ 12101-12213 also constitutes a violation of Cal. Civ. Code § 51(f) and § 52(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

30.     On the basis of his disabilities, Plaintiff was denied the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals which resulted in Plaintiff's difficulty, discomfort, or embarrassment. Therefore, pursuant to Cal. Civ. Code § 55.56(a) through (c), Plaintiff is entitled to attorneys' fees, costs, and damages of no less than four-thousand U.S. dollars (4,000 USD) for each and every violation.

**THIRD CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 54**
**(As to all Defendants)**

31.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

32.     Any violation of the ADA 42 U.S.C. §§ 12101-12213 also constitutes a violation of Cal. Civ. Code § 54.1(d) and § 54.3(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

33.     On the basis of his disabilities, Plaintiff was denied the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in Plaintiff's difficulty, discomfort or embarrassment. Therefore, pursuant to Cal. Civ. Code § 55.56(a) through (c), Plaintiff is entitled to attorneys' fees, costs, and damages on no less than one-thousand U.S. dollars (1,000 USD) for each and every violation.

## PRAYER

WHISEFORE, Plaintiff prays the following:

1.     For injunctive relief directing Defendants to modify their facilities and policies as required by law to comply with ADA regulations, including the ADAAG where required; institute policy to enable Plaintiff to use goods and services offered to the non-disabled public; provide adequate access to all citizens, including persons with disabilities; issue a permanent injunction directing Defendants to maintain their facilities usable by Plaintiff and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.     Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur and will not recur;

3.     Award Plaintiff all appropriate damages, including, but not limited to, either statutory damages of no less than four-thousand U.S. dollars (4,000 USD) for each and every violation of Cal. Civ. Code § 51, or no less than one-thousand U.S. dollars (1,000 USD) for each and every violation of Cal. Civ. Code § 54, with either Cal. Civ. Code § 51 or § 54 being elected prior to, or at, trial, but not both, and general damages in an amount within the jurisdiction of the Court, according to proof;

4.      Award Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law, including but not limited to, 42 U.S.C. § 12205, Cal. Civ. Code §§ 52 and 54.3; and

5.      Grant such other and further relief as this Court may deem just and proper.

Dated: December 26th, 2019

/s/ Daniel Malakauskas
By: DANIEL MALAKAUSKAS
Attorney for PLAINTIFF
FRANK GUTIERREZ